**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12CR008 |
| | § | |
| JEREMY NATHANIEL BROWN | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 14, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On September 7, 2012, Defendant was sentenced by the Honorable United States District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm. Defendant was sentenced to thirty seven (37) months imprisonment followed by three (3) years of supervised release.

On August 19, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On September 18, 2015, the Defendant's terms of supervised release were modified to include substance abuse testing and treatment.

On March 17, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 38 Sealed]. The Petition asserted that Defendant

violated four (4) conditions of supervision, as follows:  (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) (Standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) [sic] (Special) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) On December 22, 2015, at 1:33 AM officers with the Gainesville, Texas, Police Department were dispatched to the North Texas Medical Center in reference to an assault.  Contact was made with the female victim who was lying in a hospital bed with a laceration above her right eye. The eye had severe bruising, swelling, and redness. The victim was assaulted in the parking lot of the Wash and Fold located at 1117 Olive St., in Gainesville, Texas.  A male friend of the victim stated he and the victim walked to a gas station in Gainesville. They observed a white pickup truck enter the parking lot. Two men exited the vehicle and exchanged words with the couple.  The victim and her companion left the gas station and were walking towards the Wash and Fold.  The aforementioned pickup truck then pulled into the parking lot. The defendant and another male exited the vehicle and confronted the couple. The defendant then struck the victim, Ashley Gann, resulting in a laceration above the right eye, severe bruising, swelling and redness.  The victim required several surgeries.  It is alleged the defendant committed the offense of Aggravated Assault in violation of Texas Penal Code § 22.02. The charge of Aggravated Assault is scheduled to be presented to the Grand Jury on March 30, 2016.  As of this writing, the

Defendant is not in custody on this matter; (2) and (3) (Standard) On August 14, 2015, the Defendant submitted a urine drug test which tested positive for methamphetamine. Defendant admitted to taking a pill from a coworker which contained methamphetamine. Lab results also confirmed said use; and (3) (Special) On August 14, 2015, the Defendant submitted a urine drug test which tested positive for methamphetamine. The Defendant admitted taking a pill from a coworker which contained methamphetamine. Lab results also confirmed said use.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2), three (3) (Standard), and three (3) (Special) of the Petition, specifically that Defendant shall refrain from any unlawful use of a controlled substance; Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and the Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer. The Government withdrew allegation one (1). Having considered the Petition and the plea of true to allegations two (2), three (3) (Standard) and three (3) (Special) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of twenty-one (21) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth facility, if appropriate.

**SIGNED this 14th day of April, 2016.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE